UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROSA VELA, on behalf of herself and
others similarly situated,

    Plaintiff,

v.                                          Case No:   2:18-cv-165-FtM-38MRM

SUNNYGROVE LANDSCAPE &
IRRIGATION MAINTENANCE, LLC,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

Pending before the Court is the parties' Amended Joint Motion for Approval of Settlement, filed on October 2, 2018. (Doc. 20). Plaintiff Rose Vela and Defendant Sunnygrove Landscape & Irrigation Maintenance, LLC jointly request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") wage claims asserted in this case. After a careful review of the parties' submissions and the court file, the Undersigned recommends approval of the proposed settlement.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

**BACKGROUND**

On September 14, 2018, the parties filed a Joint Motion for Approval of Settlement (Doc. 18). On September 19, 2018, this Court entered a Report and Recommendation (Doc. 19) recommending that the Joint Motion for Approval of Settlement be denied without prejudice based upon the language in the following three (3) provisions: (1) the non-payment or non-allocation of liquidated damages; (2) the lack of consideration for the proposed mutual general release; and (3) the lack of consideration for the no future employment provision. (Doc. 19 at 2) (citing Doc. 18-1 at 2-4)). The Report and Recommendation (Doc. 19) remains pending. In response to the Court's concerns raised in the Report and Recommendation, the parties apparently filed the instant Amended Joint Motion for Approval of Settlement (Doc. 20).

**LEGAL STANDARD**

To approve the settlement of FLSA claims, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit has found settlements to be permissible when employees bring a lawsuit under the FLSA for back wages. *Id.* at 1354. The Eleventh Circuit held:

> [A lawsuit] provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

The Court turns to the provisions of the latest Settlement Agreement (Doc. 20-1).

**ANALYSIS**

Plaintiff alleges that she worked for Defendant in lawn maintenance from approximately March 14, 2017 to February 5, 2018. (Doc. 1 at 3 ¶¶ 16-17). Plaintiff claims that Defendant automatically deducted one-half of an hour for a lunch break each workday that Plaintiff did not receive. (*Id.* at ¶ 18). Plaintiff also claims that she worked after clocking out. (*Id.* at ¶19). Further, Plaintiff claims that the crew leader reduced Plaintiff's overtime hours during Hurricane Irma cleanup. (*Id.* at ¶ 20). Thus, Plaintiff alleges that she worked in excess of forty (40) hours during a workweek and did not receive overtime compensation. (*Id.* at ¶ 22).

### I.     Monetary Terms, Including Liquidated Damages

The parties agree that there are disputed issues concerning liability and whether Plaintiff worked in excess of forty (40) hours in a workweek. (Doc. 20 at 3). Further, if Plaintiff did work overtime, Defendant asserts that the number of hours of overtime were far less than claimed by Plaintiff. (*Id.*). The parties also dispute whether Defendant had actual or constructive knowledge of Plaintiff's alleged overtime hours that she claims she worked outside of the facility and whether Defendant had actual or constructive knowledge of Plaintiff not receiving her meal breaks. (*Id.*). Finally, the parties dispute whether liquidated damages are

warranted. (*Id.* at 3-4). Thus, even though *bona fide* disputes exist between the parties and to avoid the risk and expense of continued litigation, the parties decided to settle this matter. (*Id.* at 4).

Under the terms of the Settlement Agreement, Plaintiff will receive $2,500.00 in alleged unpaid wages and $2,500.00 in liquidated damages. (Doc. 20 at 3; Doc. 20-1 at 1 ¶ 1(a)). The parties agree that even though this amount is less that the total originally claimed by Plaintiff, this settlement amount is a fair and reasonable compromise of Plaintiff's claims based upon the disputed issues of fact and law between the parties. (Doc. 20 at 3). The Undersigned finds that based upon the representations of the parties, these amounts are a fair and reasonable resolution of the claims in this action. Further, the Undersigned finds that the parties have fully addressed the deficiency concerning liquidated damages raised in the September 19, 2018 Report and Recommendation. (Doc. 19 at 2-3).

## II.     Mutual General Release and Neutral Reference Provisions

As the Court explained in the September 19, 2018 Report and Recommendation, the *Lynn's Food Stores* analysis also necessitates a review of the proposed consideration as to each term and condition of the settlement, including foregone or released claims. *Shearer v. Estep Const., Inc.*, No. 6:14-CV-1658-ORL-41, 2015 WL 2402450, at *3 (M.D. Fla. May 20, 2015). The valuation of unknown claims is a "fundamental impediment" to a fairness determination. *Id.*; *see also Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350-52 (M.D. Fla. 2010). The Court typically "cannot determine, within any reasonable degree of certainty, the expected value of such claims." *Id.* Thus, the task of determining adequate consideration for forgone claims is "difficult if not impossible." *Id.* (citation omitted).

Additionally, this Court has found that general releases in FLSA cases are often unfair to

plaintiffs.  *See Moreno*, 729 F. Supp. 2d at 1351.  Specifically, "[a]lthough inconsequential in the typical civil case (for which settlement requires no judicial review), an employer is not entitled to use an FLSA claim (a matter arising from the employer's failing to comply with the FLSA) to leverage a release from liability unconnected to the FLSA."  *Id.*  The Court has found that "a pervasive release in an FLSA settlement confers an uncompensated, unevaluated, and unfair benefit on the employer."  *Id.* at 1352.

Notwithstanding this line of cases, however, other jurists have approved non-cash concessions in FLSA settlement agreements where they have been negotiated for separate consideration or where there is a reciprocal agreement that benefits all parties.  *Bell v. James C. Hall, Inc.*, No. 6:16-cv-218-Orl-41TBS, 2016 WL 5339706, at *3 (M.D. Fla. Aug. 16, 2016), *report and recommendation adopted*, No. 6:16-cv-218-Orl-41TBS, 2016 WL 5146318, at *1 (M.D. Fla. Sept. 21, 2016); *Buntin v. Square Foot Mgmt. Co., LLC*, No. 6:14-CV-1394-ORL-37, 2015 WL 3407866, at *3 (M.D. Fla. May 27, 2015).

For example, in *Buntin v. Square Foot Management Company, LLC*, this Court specifically approved mutual general release and neutral reference clauses in an FLSA settlement agreement, finding that the plaintiff received independent consideration apart from that owed to him under the FLSA.  2015 WL 3407866, at *3.  Specifically, the Court found that the general release by the defendant together with a specific neutral reference constituted independent consideration.  *See id.*  As a result, the Court permitted the mutual general release.  *Id.*

Here, the parties' briefing specifically addresses the "Mutual General Releases" and "Neutral Reference" clauses.  (Doc. 20 at 4-6).  While acknowledging that the mutual general releases are typically disfavored, the parties nevertheless request that the Court approve the mutual general release and neutral reference clauses here because "[t]his case involves an

5

employment dispute between the parties and the general releases will give both parties certainty that all legal claims between the parties have been mutually extinguished." (*Id.* at 5). Moreover, the parties expressly stated in the Settlement Agreement that the general release was not a condition of their FLSA settlement. (Doc. 20-1 at 2). Specifically, the parties stated that "[i]f the general release provisions are not approved by the Court, the Parties agree that their inclusion was not a condition of settlement, and the settlement will still be valid if the Court declines to approve those terms and allows for only a release of the Plaintiff's FLSA wage claims." (*Id.*).

After review of the parties' briefing, much like *Buntin*, the Undersigned is convinced that the inclusion of "Mutual General Releases" and "Neutral Reference" clauses in the Settlement Agreement is a fair and reasonable resolution of this dispute under the circumstances presented here. *See* 2015 WL 3407866, at *3. In *Buntin* this Court found that a mutual general release was permissible because the general release by the defendant together with a specific neutral reference constituted independent consideration apart from that owed to the plaintiff under the FLSA. 2015 WL 3407866, at *3. Here, as in *Buntin*, the parties agreed to a mutual general release together with a specific neutral reference by Defendants. (*See* Doc. 20-1 at 2-4). Accordingly, the Undersigned finds that the mutual general release together with a neutral reference by Defendants constitutes independent consideration for Plaintiff apart from that owed to Plaintiff under the FLSA. *See Buntin*, 2015 WL 3407866, at *3.

Further bolstering this conclusion is the parties' briefing showing that (1) the clauses were specifically bargained for between the parties and (2) the mutual general release was not a condition of their FLSA settlement. (Doc. 20-1 at 2). These facts support a conclusion that the mutual general release and neutral reference clauses were negotiated independently from the FLSA claims. This finding, in turn, supports a conclusion that the inclusion of these clauses has

6

not impacted Plaintiff's recovery on the FLSA claims.  In sum, the Undersigned finds that the inclusion of "Mutual General Releases" and "Neutral Reference" clauses in the Settlement Agreement has not impacted Plaintiff's recovery on the FLSA claims.  *See Buntin*, 2015 WL 3407866, at *3.  As in *Buntin*, therefore, the Undersigned recommends that the "Mutual General Releases" and "Neutral Reference" be permitted.  *See id.*

### III.    Attorney's Fees

Defendant agrees to pay Plaintiff's attorney's fees and costs in the amount of $3,000.00. (Doc. 20 at 4; Doc. 20-1 at 1 ¶ 1(b)).  The parties negotiated the amount of attorney's fees and costs separately, and without regard to the amount paid to Plaintiff.  (Doc. 20 at 4).  As explained in *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.  If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement."  In *Bonetti*, Judge Presnell concluded that:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id*.  In the instant case, the parties reached a settlement and agreed upon the amount of attorney's fees and costs without compromising the amount paid to Plaintiffs.  (Doc. 20 at 4).  Thus, the Undersigned finds that the amount of attorney's fees is reasonable.

7

### IV. Conclusion

The Undersigned finds that the Settlement Agreement (Doc. 20-1) appears reasonable on its face. Accordingly, the Undersigned recommends that the amended Joint Motion for Approval of Settlement (Doc. 20) be granted and the Revised Settlement Agreement (Doc. 20-1) be approved.

Accordingly, it is **RESPECTFULLY RECOMMENDED** that:

1) The Amended Joint Motion for Approval of Settlement (Doc. 20) be **GRANTED**.

2) The Revised Settlement Agreement (Doc. 20-1) be approved by the Court as a "fair and reasonable resolution of a *bona fide* dispute" of the parties' FLSA issues.

3) If the presiding District Judge adopts this Report and Recommendation, then the Clerk of Court be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

4) The Report and Recommendation (Doc. 19) be mooted.

Respectfully recommended in Chambers in Ft. Myers, Florida on October 4, 2018.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:
Counsel of Record
Unrepresented Parties